# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **SEAN E. HUNTER,** | CASE NO. 3:19 CV 1977 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

Plaintiff Sean E. Hunter seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge David A. Ruiz for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Ruiz recommends this Court affirm the Commissioner's final decision. (Doc. 19). Plaintiff filed objections to the R&R (Doc. 21), and the Commissioner filed a response thereto (Doc. 22). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in May 2016 (Tr. 316-19) and supplemental security income in January 2018, *see* Tr. 16; he alleged a disability onset date of January 19, 2013 (as amended) (Tr. 345). His claims were denied initially and upon reconsideration. (Tr. 238-41, 243-44, 248-49, 252-54). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on February 27, 2018. (Tr. 52-122). On May 31, 2018, the

ALJ found Plaintiff not disabled in a written decision. (Tr. 16-29)[1]. The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff timely filed the instant action on August 28, 2019. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. First, he argued the ALJ was bound by the VE's testimony from his prior benefits claim and precluded from using and relying on subsequent (contradictory) VE testimony to reclassify his past relevant work at Step Four. (Doc. 12, at 20-26). Second, Plaintiff argued the ALJ failed to consider the combination of his impairments (severe and non-severe) in determining the residual functional capacity ("RFC"), thereby rendering her Step Five finding – based on the VE's testimony regarding this RFC – unsupported by substantial evidence. *Id.* at 26-37.

In his R&R, Judge Ruiz concluded any error in the ALJ's decision at Step Four was harmless and the ALJ's Step Five decision was supported by substantial evidence. He recommends the Court affirm the Commissioner's decision. *See generally* Doc. 19.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc.*

---

1. An ALJ denied Plaintiff's prior applications for benefits in January 2013. (Tr. 170-82).

*Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[2]

Plaintiff raises two objections to the R&R. First, he argues it was improper for Judge Ruiz to conclude the ALJ's error regarding his past relevant work at Step Four was harmless. (Doc. 21, at 4-5). And second, he argues generally, that Judge Ruiz erred in analyzing his RFC argument. *Id*. at 6-11.[3]

Here, both parties agree the ALJ erred in determining Plaintiff could perform his past relevant work as a sexton at Step Four. (Doc. 16, at 18-19); (Doc. 12, at 20-22). However, Judge Ruiz concluded any error by the ALJ in this regard was harmless, because at Step Five the ALJ found Plaintiff could perform other jobs that existed in significant numbers in the national economy. (Doc. 19, at 14-19). Plaintiff had also argued that the ALJ's Step Five analysis was founded upon a hypothetical to the VE based on an inaccurate RFC finding. (Doc. 12, at 26-37).

---

2. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly recited by Judge Ruiz.

3. In his objections to the R&R, Plaintiff also attempts to argue the ALJ erred by failing to discuss the prior RFC in his decision. (Doc. 21, at 4-5). As the Commissioner accurately points out in response (Doc. 22, at 2), Plaintiff did not raise this argument at his first opportunity. *See generally* Doc. 12. Because Plaintiff improperly raises this argument for the first time in his objections, it is deemed waived. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010).

Judge Ruiz found the ALJ's RFC and Step Five findings supported by substantial evidence. (Doc. 19, at 14-19).

In his first objection to the R&R, Plaintiff relies heavily on Ninth Circuit case law and the Sixth Circuit's decision in *Brantley v. Commissioner of Social Security*, 637 F. App'x 888 (6th Cir. 2016), for the proposition that remand is required in *any* situation, such as this, where the Agency fails to follow its own regulations. (Doc. 21, at 2). However, *Brantley*, which is binding precedent, is not quite as simple as Plaintiff contends. The *Brantley* Court noted that "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations *and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right*." *Brantley*, 637 F. App'x at 894 (quoting *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (emphasis added)). This certainly opens the door for harmless error analysis, contrary to Plaintiff's assertion. And, as the Commissioner accurately points out in her response (Doc. 22), the Sixth Circuit has reached the same conclusion regarding harmless error analysis in other cases. *See, e.g.*, *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) ("a violation of the good reasons rule can be deemed to be 'harmless error'"); *Edwards v. Comm'r of Soc. Sec.*, 636 F. App'x 645, 648 (6th Cir. 2016) ("Failure to follow the agency's own rules and regulations denotes a lack of substantial evidence, although violation of a procedural requirement may be deemed harmless error."); *Rabbers*, 582 F.3d at 648 ("Rabbers argues that the [ALJ] failed to make specific finding regarding the severity of his mental impairment. . . as required by the regulations. . . The ALJ clearly did not make the required findings regarding the severity of Rabbers's mental impairment. We conclude, however, that this error was harmless. It did not deprive Rabbers of a substantial procedural right. Nor did it prejudice him on the merits[.]"); *Poe v Comm'r of Soc. Sec.*, 342 F. App'x 149,157-58 (6th Cir. 2009) (an ALJ's erroneous reliance on

4

one of the jobs identified by the VE was harmless because the expert otherwise identified a significant number of jobs in the national economy that the claimant could perform). Thus, there is no harm in harmless error analysis where warranted.

To Plaintiff's argument regarding the ALJ's RFC and Step Five conclusions, Judge Ruiz laid out a comprehensive analysis of the RFC determination and how the ALJ supported it with substantial evidence. (Doc. 19, at 14-19). Judge Ruiz's analysis is thorough and legally sound; the Court need not repeat it. Importantly, regarding the ALJ's questions to the VE, an ALJ is only obligated to incorporate limitations into a hypothetical which she deems credible. *Id*. at 15-16 (citing cases). Here, in response to the hypothetical, the VE offered jobs in the national economy which Plaintiff could perform. *See* Tr. 110-17. In his objection to the R&R, Plaintiff argues the ALJ proffered an inaccurate RFC, in part, because she improperly analyzed the opinions of Drs. Lakin and Hammerly and failed to acknowledge limitations imposed by his kidney disease. (Doc. 21, at 7-9). In essence, Plaintiff asked Judge Ruiz (and asks this Court) to re-analyze medical opinions and re-weigh evidence. However, it is well settled that this Court cannot and will not re-weigh evidence; in these cases, the Court exists solely to determine whether the ALJ's findings, on initial review, are supported by substantial evidence. *Wright v. Massanari*, 321 F.3d 611, 614-15 (6th Cir. 2003). Here, they are.

In this case, the ALJ supported her RFC with substantial evidence, thus there is no error in the VE relying upon a hypothetical based upon it and offering occupational selections as a result. Because the VE offered jobs which existed in significant numbers at Step Five, the Court agrees with Judge Ruiz's conclusion that any error at Step Four is harmless.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Ruiz's R&R (Doc. 19) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                                s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE